UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
MARK ORLANDO,
               Plaintiff,

v.

DR. GAETAN ZAMILUS,
               Defendant.
--------------------------------------------------------------x

**ORDER**

22 CV 6161 (VB)

      In a submission dated January 8, 2024 (Doc. #49), plaintiff again complains about defense counsel's failure to comply with the Court's October 5, 2023, civil case discovery plan and scheduling order, which required the parties to serve their discovery requests on each other by December 5, 2023. According to plaintiff, defendant's discovery requests were dated December 8, 2023, and he received them on December 18, 2023. Plaintiff also complains about the Court's denial of his motion for a default judgment predicated upon defendant's late service of discovery requests. In addition, plaintiff complains about the Court's granting of defendant's request for a two-month extension of discovery deadlines even though the Court, according to plaintiff, stated at the initial conference on October 5, 2023, that no extensions would be granted. All of this, according to plaintiff, shows that defendant and the Court acted in "bad faith," and that the Court has shown "partiality towards defendant" and "colluded with defendant to cover up defendant's knowing, willful wrongful actions."

      Based on the foregoing, plaintiff demands that defense counsel and the Court be "sanctioned by appropriate Grievance committee," and that the Court issue a money judgment in his favor.

      Plaintiff's requests are DENIED as plainly without merit.

      First, although defendant served its discovery requests three days late, plaintiff has suffered absolutely no prejudice from that delay. He received the discovery requests on December 18, 2023, and he now has until April 5, 2024, to respond. There is no basis whatsoever to claim that defendant's three-day delay in serving discovery requests constitutes sanctionable bad faith.

      Second, the Court did not say at the October 5 initial conference that no extensions of discovery deadlines would be granted. Actually, what the Court said was that it would only grant an extension for a "really good reason." The reason for the requested extension, as set forth in defense counsel's letter of January 8, 2024, is indeed a "really good reason"—namely, the "delay in obtaining all of Plaintiff's medical records in the care and custody of DOCCS and outside hospitals and providers," in part because defendant had not yet received from plaintiff fully executed HIPAA releases necessary to obtain those records.

      Third, there is no basis for the Court to issue a judgment against defendant, who is actively participating in this lawsuit and making a good faith effort to both obtain and provide discovery to plaintiff on a reasonable timeline.

Finally, the Court has not "colluded" with or shown "partiality" towards defendant or defense counsel. The Court has set reasonable deadlines, granted a single reasonable request early on in the case to extend those deadlines by two months, and denied a plainly frivolous demand that judgment be entered against defendant. None of this constitutes collusion, partiality, or bad faith.

Chambers will mail a copy of this Order to plaintiff at the address on the docket.

Dated: January 31, 2024
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge